Powell v. Beckley.

W. C. POWELL v. G. F. BECKLEY.

FILED NOVEMBER 8, 1893.    No. 4802.

Landlord and Tenant: REPAIRS ON PREMISES: CONTRACTS.
    In an action by a tenant against his landlord for repairs made by him upon the leased premises he must show a contract of the landlord, express or implied, to pay for the same to entitle him to recover.

ERROR from the district court of Gage county. Tried below before APPELGET, J.

*L. W. Colby* and *L. M. Pemberton,* for plaintiff in error:

In the absence of an agreement to repair on the part of the landlord, the premises are hired in the condition in which they are at the time of the demise, and the rent is supposed to be arranged with reference to such condition. In such case, the landlord is under no obligation to repair, and the lessee, if he wishes any repairs, must make them at his own expense. (*McAlpin v. Powell,* 70 N. Y., 126; *Witte v. Matthews,* 52 N. Y., 512; *Foster v. Peyser,* 9 Cush. [Mass.], 242, 57 Am. Dec., 43; *Cole v. McKey,* 66 Wis., 500; *Wilkinson v. Clauson,* 29 Minn., 91, 93; *Krueger v. Ferrant,* 29 Minn., 385, 387; *Lynch v. Speed,* 15 Daly [N. Y.], 207, 4 N. Y. Sup., 556; *Mumford v. Brown,* 6 Cow. [N. Y.], 475, 16 Am. Dec., 440, and note.)

*Hazlett & Le Hane, contra.*

MAXWELL, C. J.

This is an action upon an account for repairs made by a tenant:

G. F. Beckley, Dr., Proprietor of the Pacific House.

| | | |
|---|---:|---:|
| Sept. 26, To Thistlewait bill, fixing W. closet.... | $7 | 00 |
| Sept. 11, To Hall's bill for painting.............. | 16 | 40 |
| Sept. 11, To material on garret .................... | 16 | 40 |
| Sept. 11, To labor on garret........................ | 6 | 00 |
| Nov. 10, To Hall's bill for painting.............. | 21 | 90 |
| Nov. 10, To Hall's bill, glass and putty........... | | 83 |
| Nov. 19, To fixing doors, 8, and hall.............. | | 75 |
| May  1, '89, To railing on porch.................. | 28 | 00 |
| May  1, To railing on steps ...................... | 2 | 00 |
| Apr. 19, To papering dining room ................. | 20 | 00 |
| Apr.  4, To wall paper, room 6.................... | 5 | 45 |
| Apr.  4, To hanging paper, room 6................. | 6 | 00 |
| Apr. 19, To wall paper ........................... | 8 | 25 |
| Jan.  3, To sewer pipe and plumber's bill....... | 1 | 65 |

Powell v. Beckley.

| | | | |
|---|---|---|---|
| Jan. 3, To labor on sewer | | $6 | 00 |
| Nov. 10, To ceiling water closet | | 3 | 00 |
| Nov. 10, To plastering | | 6 | 00 |
| | | $165 | 63 |
| Jan. 3, Brought over, Dr | | $165 | 63 |
| Nov. 12, By cash, rent | $7 00 | | |
| Nov. 12, By cash, rent | 16 52 | | |
| Nov. 12, By cash, rent | 21 90 | | |
| Nov. 12, By cash, rent | 83— | 46 | 13 |
| | | $119 | 50 |

The defendant below sets up a defense as follows: "The defendant for answer to plaintiff's petition admits that on September 26 he was indebted to plaintiff for Thistlewait bill, fixing water closet, $7; for Hall's bill for painting, $16.40; on November 10 Hall's bill for painting, $21.90; and for glass and putty, 83 cents; but he avers that on November 12, 1888, the defendant paid said several sums in full, amounting to $43.13, and the same was settled between the plaintiff and defendant, and satisfied in full, by mutual agreement, by deducting from the rental then due and owing from plaintiff to defendant said sum of $46.13. The defendant further answering denies each and every other allegation in said petition contained."

On the trial of the cause the jury returned a verdict in favor of the defendant in error for $108.05, upon which judgment was rendered.

The testimony on behalf of the defendant in error tends to show that he leased the Pacific House in Gage county from the plaintiff in error by written lease for a term of years; that there was a collateral parol agreement that Powell should make repairs upon the house. Mr. Hazlett testifies:

Q. Now you may state if you know anything about the drawing up of the lease marked Exhibit "A" in this tes-

timony and what was said by and between the parties to
said lease at the time of the signing of said written instru-
ment, if you know, and state fully.

A. The parties were in my office prior to the date of
this lease with reference thereto, but on the day it was
signed Mr. Powell came into my office to have the lease
executed and turned over, so they said. I had written the
lease previous to this time for them, but for some reason it
was not signed. They had taken it away with them, but
brought it back the day it was executed into my office.
It may be possible that at that time there were some in-
sertions and interlineations made, but that I don't remem-
ber. There was considerable talk between these parties in
my office the day this lease was executed, about the time
Mr. Powell was going to sign the lease. I remember very
distinctly of Mr. Beckley saying, "Well, I believe that
this repair business should be set forth in that lease or
ought to be in there," and Mr. Powell said to him at that
time, it was not necessary. He says, "You go on and take
that house, and if you do as you say you are going to do
in the running of the house, and if you keep up your part
and retain the house and pay the rent, I will see that the
house is kept in good repair," or in substance that; and
he says furthermore, at that time, "It is as much to my
interest to keep up the house in repairs and for you to quit
and turn the house over to me with a good trade that I
could lease to some other person than to have the house
run down; and at the end of two or three years it is worth
more to me to keep the house in repair than if it wasn't."
And the lease was signed.

The testimony of the defendant in error is to the same
effect. The testimony on behalf of Mr. Powell conforms
to his answer.

The court instructed the jury as follows:

"1. The court instructs you that this is an action brought
by a tenant against his landlord for improvements and re-

pairs put upon and about the building while occupied by the tenant under the lease.

"2. The court further instructs you that the law of this case is that in the absence of contract to the contrary the law presumes that when one rents a building for a specific purpose that it shall be in proper condition and repair for the uses for which it is rented."

The second instruction is clearly wrong. In the absence of a contract, express or implied, to repair, the tenant takes the premises in the condition in which they are rented. For this error the judgment is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.